**Kenneth SMITH, Sheriff of Marshall County, et al., Plaintiffs,**

**v.**

**Joe COOPER et al., Defendants.**

**No. EC 78–13–K.**

United States District Court,
N. D. Mississippi, E. D.

April 27, 1978.

Alvin O. Chambliss, Jr., Oxford, Miss., Ben Cole, Holly Springs, Miss., for plaintiffs.

Michael Malski, Amory, Miss., James W. Warren, Jr., Holly Springs, Miss., for defendants.

## MEMORANDUM OF DECISION

KEADY, Chief Judge.

Kenneth Smith, sheriff of Marshall County, Mississippi, and three of his deputies, Frankie Marion, Mennie Mannon, and Jackie Brown (plaintiffs), sue the members of the Marshall County Board of Supervisors, Joe Cooper, Wayne Brisco, Alfred Lofton, T. P. St. John, and Bernice Totten (Board), and the Chancery Clerk of Marshall County, J. M. "Flick" Ash, contesting certain actions taken by the Board at a meeting held on February 1, 1978. The United League of Marshall County has intervened as a defendant, and its motion to dismiss for failure to state a claim upon which relief may be granted is presently before the court.

The relevant facts, as they appear in the pleadings, affidavits, and other evidentiary material on file may be briefly summarized.

On January 27, 1978, a petition was filed with the Marshall County Board of Supervisors requesting that a hearing be held to look into allegations of racial discrimination and other misconduct by members of the sheriff's department. The Board met on February 1, and after hearing the complaints of nine black residents of Marshall County the Board entered the following order in Minute Book 49, at pages 508–509:

> The Board of Supervisors of Marshall County, Mississippi in session today, February 1, 1978, examined nine (9) sworn witnesses regarding the Marshall County Sheriff's Department. After examining the nine (9) sworn witnesses and hearing other available information, the Board deems it necessary at this time to cut off Federal funds currently being paid to the Marshall County Sheriff's Department for personnel costs. The Board deems this action necessary because of the testimony today and also the fact that only one deputy is black and the remaining deputies are white.

The suspension of these funds as outlined above is indefinite and all until further orders of the Board. The Board shall proceed to investigate the allegations heard today in the manner they deem best.

So ordered this the 1st day of February 1978.

/s/ JOE COOPER
JOE COOPER, President

Plaintiffs allege that the February 1 meeting was convened without the notice required by § 19–3–19 Miss.Code Ann. (1972), and that the Board's actions were therefore unlawful as a matter of state law. Plaintiffs contend that this state law violation gives rise to a private cause of action under the Public Works Employment Act of 1977, 42 U.S.C. § 6701, *et seq.*, specifically § 6725(8).[1] Plaintiffs further contend that the action taken by the Board violates plaintiffs' fourteenth amendment rights to due process and equal protection, and therefore 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1341 and 1343.

█ It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* (1957), 355 U.S. 41, at 45, 78 S.Ct. 99, at 102, 2 L.Ed.2d 80, at 84.

█ We deal first with plaintiffs' attempt to assert a private cause of action under the Public Works Employment Act of 1977, 42 U.S.C. § 6701, *et seq.* The threshold question in dealing with this motion to dismiss is whether such a private cause of action may be implied for individuals who wish to challenge the actions of local government units on the grounds that such actions violate the provisions of the Act. For the reasons set out below, we conclude that no such private cause of action exists, and accordingly we dismiss.

In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the United States Supreme Court listed four factors to be considered in deciding whether a private cause of action not expressly provided for by a particular statutory scheme could be implied:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted,"—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? (Emphasis in original) (Footnotes omitted). Id. 422 U.S. at 78, 95 S.Ct. at 2088, 45 L.Ed.2d at 36.

Factors one and four are neutral. Factors two and three are decisive.

The Public Works Employment Act provides for enforcement by creation of a public action in the Secretary of the Treasury. 42 U.S.C. § 6732. Neither the statutory scheme nor its legislative history, 1976 U.S. Code Cong. & Admin.News, page 1746, disclose any Congressional intent to create a private cause of action under the Act.

The United States Supreme Court held in *Passenger Corp. v. Passengers Assn.*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974), that

It goes without saying . . . that the inference of such a private cause of action not otherwise authorized by the statute must be consistent with the evident legislative intent and, of course, with the effectuation of the purposes in-

---

1. 42 U.S.C. § 6725 Statement of Assurances

Each . . . unit of local government may receive payments under this title only upon filing with the Secretary . . . a statement of assurances. . . . Each such statement shall contain—(8) an assurance that the . . . unit of local government will spend amounts received . . . only in accordance with the laws and procedures applicable to the expenditure of its own revenues.

tended to be served by the Act. Id. 414 U.S. at 458, 94 S.Ct. at 693, 38 L.Ed.2d at 651–652.

We conclude that the overall structure and purpose of the Public Works Employment Act of 1977 is inconsistent with the inference of a private cause of action. See *Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 95 S.Ct. 1733, 44 L.Ed.2d 263 (1975); *Schreiber v. Lugar*, 518 F.2d 1099 (7 Cir. 1975); *Michigan Dist. Council No. 77 of AFSCME v. City of Detroit*, 436 F.Supp. 858 (E.D.Mich.1977).

■ We next consider plaintiffs' claims under 42 U.S.C. § 1983. Plaintiffs assert a property interest in the federal funds withheld by the Board. This interest must arise, if at all, under the Antirecession Act since the interest of these individual plaintiffs in the funds in question would otherwise be no different from that of any other citizen of Marshall County.[2] Thus, the fundamental question is whether these plaintiffs have acquired the interest they assert.

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. *Board of Regents v. Roth*, 408 U.S. 564, at 577, 92 S.Ct. 2701, at 2709, 33 L.Ed.2d 548, at 561.

We see nothing in the statutes nor in their legislative history which would give these plaintiffs nor, for that matter, any other individual employees of the various departments of local government units any "legitimate claim of entitlement" to the federal funds disbursed under the Antirecession Act.

The board of supervisors is vested with broad discretion in the disbursement of county funds. § 19–3–59 Miss.Code Ann. (1972) provides:

Appropriation of county funds.

The board of supervisors shall direct the appropriation of money that may come into the county treasury, but shall not appropriate the same to an object not authorized by law.

The act of the Board at its meeting on February 1, 1978, was not only within the discretion afforded by § 19–3–59, but also was arguably required in order to meet the Board's commitment under the assurances given pursuant to 42 U.S.C. §§ 6725(4) and 6727(a).

Since we find that plaintiffs' alleged interest in the federal funds withheld by the Board is non-existent, it follows necessarily that no cause of action has been stated under 42 U.S.C. § 1983. In *Schreiber v. Lugar*, 518 F.2d 1099 (1975), the Seventh Circuit, per Judge (now Justice) Stevens, addressed the allegations of civil rights violations arising from noncompliance with the applicable procedures under the Revenue Sharing Act thus:

If we understand it correctly, the claim is that plaintiffs have a statutory right to have public funds disbursed lawfully, and that any violation of that right is also a deprivation of a right secured by the Equal Protection Clause of the United States Constitution. In short, any violation of statutory law is, *ipso jure*, also a violation of the Fourteenth Amendment. If this expansive theory is adequate to create federal jurisdiction over this dispute, federal judges surely have bootstraps that will enable them to stand on their own shoulders. The civil rights claim is frivolous. Consequently, that claim should have been dismissed for want of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939; *Stream Pollution Control Board of State of Indiana v. United States Steel Corp.*, 512 F.2d 1036, 1040–1041 (7th Cir. 1975). Id., at 1105.

In the factual context of the case before us we find the reasoning of the Seventh Circuit apposite.

---

**2.** In the absence of some property interest greater than that of an ordinary taxpayer, plaintiffs would lack standing to challenge the Board's decision to withhold federal funds from the Sheriff's Department. See *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Plaintiffs have failed to state a claim upon which relief may be granted, and accordingly, their complaint will be dismissed. Let an order issue accordingly.

ORDERED this, the 27th day of April, 1978.